IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:16-CR-145-TAV-HBG |
| DEANGELO LEMONT DOSS, | ) | |
| PIERRE LAMAR JORDAN, | ) | |
| MARIO LAMBERT, and | ) | |
| SIR TYRONE LOVE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on November 28, 2017, for a motion hearing on two motions to continue the December 12, 2017 trial date by Defendants Lambert [Doc. 61] and Love [Doc. 62], filed on November 21 and 27, 2017. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. Attorney Kimberly A. Parton represented Defendant Deangelo Lemont Doss. Attorney Donny M. Young appeared on behalf of Defendant Pierre Lamar Jordan. Attorney Joseph A. Fanduzz represented Defendant Mario Lambert. Assistant Federal Defender Jonathan A. Moffatt represented Defendant Sir Tyrone Love. Defendants Doss, Jordan, and Lambert were also present for the hearing. Defendant Love's attendance at the hearing was excused.

In his motion [Doc. 61], Defendant Lambert asks for a trial continuance to give the parties time to work on a "global" plea agreement, which would resolve the Defendant's charges in this and several other districts. The motion states that due to the complexity of this case, the

fact that several districts are involved, and the severity of the potential punishment, plea discussions are unusually prolonged. Defendant Love asks the Court to continue the trial to give defense counsel additional time to continue plea negotiations or to prepare the case for trial. He asserts that a trial continuance will serve the ends of justice. Both motions relate that the Government does not object to the requested continuance.

At the November 28 hearing, Mr. Moffatt stated that the instant case is complicated and that Defendant Love was not prepared to proceed to trial in two weeks. He said that the parties would benefit from additional time to resolve the case or to prepare for trial. Mr. Fanduzz reported that he had received DNA evidence from the Government within the last two weeks and that the allegations outside this district affected plea negotiations, trial preparation, and sentencing. Defendants Doss and Jordan joined in the request to continue the trial. All defense counsel affirmed that their clients were waving their speedy trial rights with regard to this motion. AUSA Davidson stated that the Government also did not object to a trial continuance. She said that the Government provided DNA results to defense counsel two weeks ago. She agreed that many other jurisdictions were involved in this case and that the Defendants were accused of multiple robberies outside of this district. She said she and another defense attorney had started the paperwork to have some of those other cases transferred to this district. The parties agreed on a new trial date of April 24, 2018.

The Court finds the joint motions [Docs. 61 & 62] for a trial continuance to be unopposed and well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Superseding Indictment [Doc. 30] charges the Defendants with a Hobbs Act robbery and with brandishing firearms in furtherance of that robbery. The parties represent that the Defendants

2

stand charged with other robberies in several other jurisdictions. Defense counsel ask for additional time to negotiate a resolution that would encompass to all of their clients' charges. If these negotiations break down, counsel will need time to prepare the case for trial. In light of the complexity of this case and the charges pending in several other jurisdictions, the Court finds that the Defendants could not be ready for trial by December 12, 2017, or in less than four and one-half months. Thus, the Court finds that the failure to grant a continuance would deprive defense counsel of the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the motions [**Docs. 61 & 62**] to continue the December 12, 2017 trial date are **GRANTED**. The trial of this matter is reset to **April 24, 2018**. The Court also finds that all the time between the **November 28, 2017** hearing, and the new trial date of **April 24, 2018**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(7)(A)-(B). The parties are to appear before the undersigned for a final pretrial conference on **April 11, 2018, at 11:00 a.m.** This date shall also be the deadline for concluding plea negotiations and providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **April 10, 2018**. Special requests for jury instructions shall be submitted to the Chief District Judge no later than **April 14, 2018**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendants' joint Motions to Continue Trial [**Docs. 61 & 62**] are **GRANTED**;

(2) The trial of this matter is reset to commence on **April 24, 2018**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(3) All time between the motion hearing on **November 28, 2017**, and the new trial date of **April 24, 2018**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) Motions *in limine* must be filed no later than **April 10, 2018**;

(5) A pretrial conference before the undersigned is set for **April 11, 2018, at 11:00 a.m.** This date is also the deadline for concluding plea negotiations and providing reciprocal discovery; and

(6) Special requests for jury instructions with appropriate citations shall be submitted to the Chief District Judge by **April 14, 2018**.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge